IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00730-MSK-BNB

SREI-MIAMI, LLC, a Colorado limited liability company,

        Plaintiff,

v.

JOHN THOMAS,
BRETT C. KLOTZ,
RUTH MAHRU,
DANIEL S. MAHRU, and
STEPHEN J. LIVADITIS,

        Defendants.
_____

**ORDER REMANDING ACTION**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Response **(# 9)** to the Court's April 15, 2008 Order to Show Cause **(# 5)** why the case should not be remanded for failure to demonstrate federal subject-matter jurisdiction.

The Defendants, all of whom are citizens of Illinois, removed **(# 1)** this action from the Colorado District Court for Denver County, alleging federal subject matter jurisdiction premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. Noting that the weight of authority required the Defendants to establish the citizenship of the Plaintiff limited-liability corporation by establishing the citizenship of each of the corporation's members, *citing Hale v. MasterSoft Intl. Party Ltd.,* 93 F.Supp.2d 1108, 1112 (D. Colo. 2000), the Court found that the Notice of Removal, which established only the Plaintiff's state of incorporation and principal place of business, was defective. The Court directed the Defendants to amend the Notice of Removal to

adequately allege the citizenship of the Plaintiff corporation, or to otherwise show cause why the case should not be remanded.

The Defendants filed a timely response **(# 9)** to the Order to Show Cause, stating that the sole member of the Plaintiff corporation is Strategic Real Estate Investors, LLC, itself a limited-liability company. Strategic Real Estate Investors, LLC, in turn, is comprised of numerous limited-liability corporations, trusts, and individuals. The Defendants state that neither Strategic Real Estate Investors, LLC, nor any of its individual or trust members are citizens of Illinois, but the Defendants acknowledge that, to the extent that Strategic Real Estate Investors, LLC is comprised of other limited-liability corporations, the Defendants are unable to assert the citizenship of any of those component corporations. The Defendants acknowledge that the weight of authority generally requires them to drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation that, collectively, comprise Strategic Real Estate Investors, LLC. *Citing Birdsong v. Westglen Endoscopy Center, LLC*, 176 F.Supp.2d 1245, 1248-49 (D. Kan. 2001). The Defendants state that, to complete their analysis, they will be required to undertake discovery as to the membership of each of the component entities, and request that the Court grant them leave to conduct such discovery before deciding whether to remand the action.

The Court declines to grant such leave. There is a well-established presumption against the exercise of federal jurisdiction, and where there is doubt as to whether federal jurisdiction exists, the Court must resolve that doubt in favor of remand. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *see generally Meinders v. Refco Securities, Inc.*, 865 F.Supp. 721, 723 (D. Colo. 1994). Although the Defendants have cited to cases in which a federal District Court permitted the parties to engage in discovery to determine whether subject-matter

jurisdiction existed, *see e.g. Shreveport Group LLC v. Zurich North American Ins. Co.*, 2006 WL 1523203 (W.D. La., May 19, 2006), this Court finds those cases unpersuasive. In none of the cases cited by the Defendant did the District Court cite to the presumption against the exercise of federal jurisdiction, nor otherwise explain the rationale by which the court could exercise jurisdiction over the matter to permit discovery when the court's fundamental power to entertain the action in any capacity remained in doubt. This Court finds that the better practice is to remand the action, and allow any jurisdictional discovery to occur in the state court – a forum that undoubtedly has adequate jurisdiction to proceed. Should such discovery ultimately reveal a basis for federal subject matter jurisdiction, the Defendants can re-invoke removal in accordance with the second paragraph of 28 U.S.C. § 1446(b).

Accordingly, the Court finds that the Defendants have failed to carry their burden of establishing sufficient federal subject matter jurisdiction to support removal. The matter is **REMANDED** pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court shall transmit the entire case file to the Clerk of the Court for the Colorado District Court for Denver County, and thereafter shall close this case.

Dated this 2d day of May, 2008

                                          **BY THE COURT:**

                                          _____
                                          Marcia S. Krieger
                                          United States District Judge